IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LUCINDA ANN TAYLOR, § | |
|         Plaintiff, § | |
| v. § | |
| § | |
| MARTIN O'MALLEY, § | 1:23-CV-960-ML |
| COMMISSIONER OF SOCIAL § | |
| SECURITY, § | |
|         Defendant. § | |

**OPINION & ORDER**

This is an action for judicial review, under 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration, Martin O'Malley ("the Commissioner"), in his official capacity, denying disability benefits to Plaintiff Lucinda Ann Taylor. Before the court are Plaintiff's Complaint (Dkt. 4); Plaintiff's Opening Brief (Dkt. 18); Defendant's Brief (Dkt. 20); and the Record of the Social Security administrative hearing (Dkt. 12).

Both parties have waived the right to proceed before a District Judge and have consented, pursuant to 28 U.S.C. § 636(c), to have all proceedings in the case, including the entry of final judgment, conducted by the Magistrate Judge. Dkt. 17. Having considered the briefing, the record below, and the case file as a whole, the undersigned now enters the following Opinion and Order.

## I.    PROCEDURAL HISTORY

On January 6, 2021, Lucinda Ann Taylor protectively filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act. Admin. Trans. ("T") at 19.[1] She alleges disability beginning April 30, 2020.[2] Taylor alleges disability due to, *inter alia*, degenerative disc disease of

---

[1] Page number refer to the Transcript page number, not the page number in the CM/ECF-generated header.
[2] Plaintiff's application summary for disability insurance benefits lists an alleged onset date of April 30, 2019. T 224. However, the ALJ's decision identifies Plaintiff's alleged onset date throughout the decision as April 30, 2020. T 16–33. The undersigned will use April 30, 2020 as the onset date.

the lumbar spine, degenerative disc disease of the cervical spine, rheumatoid arthritis, osteoporosis, and anxiety. *Id.* at 26. Her claim was denied initially on April 14, 2021 and upon reconsideration. *Id.* On January 26, 2023, Administrative Law Judge Tresie Kinnell ("ALJ") held a telephonic hearing at which Taylor and her counsel appeared, as well as an impartial vocational expert ("VE"). *Id.* The ALJ issued an unfavorable decision on March 10, 2023. *Id.* at 16.

Taylor appealed. *See id.* at 1. The Appeals Council denied her request for review of the ALJ's decision on June 29, 2023, thereby making the ALJ's decision the Commissioner's final administrative decision. *Id.* Taylor filed this action seeking judicial review of the ALJ's decision. Dkt. 1.

## II. APPLICABLE LAW

### A. Standard of Review

Judicial review of the ALJ's decision is limited. The district court reviews: (1) whether the decision was supported by substantial evidence; and (2) if so, whether the Commissioner applied the proper legal standard. *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).

Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Copeland*, 771 F.3d at 923; *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). As a result, the court "cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision" because substantial evidence is less than a

preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). A finding of "no substantial evidence" will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). If the Commissioner applied the proper legal standards and his findings are supported by substantial evidence, they are conclusive and must be affirmed. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

### B. Evaluation Process and Burden of Proof

Disability is defined as the "inability to engage in substantial gainful activity by reasons of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step sequential process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment or combination of impairments; (3) whether the claimant's impairment or combination of impairments meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment or combination of impairments prevents the claimant from performing past relevant work; and (5) whether the impairment or combination of impairments prevents the claimant from doing any other work. 20 C.F.R. § 416.920. A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the analysis. *Greenspan*, 38 F.3d at 236.

The claimant bears the burden of proof on the first four steps of the sequential analysis. *Leggett*, 67 F.3d at 565. Once this burden is met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is able to perform. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). The Commissioner may meet this burden using opinion testimony of vocational experts or by use of administrative guidelines in the form

of regulations. *Rivers v. Schweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982). If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that she is unable to perform the alternative work. *Id.*

### III.     THE ALJ'S DECISION

In the written decision, the ALJ determined as a threshold matter that Taylor's earnings record shows that she acquired sufficient quarters of coverage to remain insured through June 30, 2023. T 21. The ALJ then engaged in the standard five-step sequential process, finding at step one that Taylor had not engaged in substantial gainful activity since April 30, 2020. T 22.

At step two, the ALJ found Taylor has the following severe impairments: osteopenia and advanced degenerative changes of the lumbar spine, degenerative changes of the cervical spine, osteoarthritis of the right knee, and osteopenia of the left hip and femoral neck. *Id.* The ALJ found that Taylor's medically determinable impairments significantly limit the ability to perform basic work activities. *Id.* at 23.

But the ALJ found that Taylor's medically determinable mental impairment of adjustment disorder with depressed mood does not cause more than minimal limitation in ability to perform basic mental work activities and is therefore non-severe. *Id.* at 22–24. In making this determination, the ALJ considered the four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders: understanding, remembering, and applying information; interacting with others; concentrating, persisting, and maintaining pace; and adapting and managing oneself. *Id.* at 23. The ALJ found Taylor's medically determinable mental impairment causes no more than "mild" limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities and are inconsistent with any impairment of listing-level severe. *Id.* at 24. Thus, at step three, the ALJ determined Taylor does not have an impairment or combination of

impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). *Id.* at 23–24.

Before reaching step four, the ALJ determined that Taylor retains the residual functional capacity ("RFC")[3] to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 6 hours in an 8-hour day, and sit 6 hours in an 8-hour day. The claimant can occasionally climb ramps/stairs, never climb ladders, ropes or scaffolds, and occasionally balance, stoop, kneel, crouch and crawl. The claimant is limited to no more than occasional exposure to unprotected heights and hazardous machinery with moving mechanical parts.

*Id.* at 24. The ALJ considered all symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence. *Id.* In making this RFC assessment, the ALJ that "[m]edical records document cervical and lumbar degenerative disc disease, osteoarthritis of the right knee, and osteopenia of the left hip and femoral neck; however, physical examinations were unremarkable for limitations that would prevent a reduced range of light work activity." *Id.* at 27.

Continuing to step four of the sequential evaluation process, the ALJ found Taylor could perform past relevant work as a post office clerk (DOT 243.367-014, light, SVP 4). *Id.* The ALJ found "the past relevant work was performed for a sufficient period to have obtained the applicable skills, within the last 15 years, and at substantial gainful activity levels." *Id.* at 28. Thus, the ALJ

---

[3] RFC is defined as the most an individual can still do despite their limitations. 20 C.F.R. § 404.1545. The responsibility to determine a claimant's RFC belongs to the ALJ. *Id.* § 404.1546; *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine Plaintiff's abilities despite their physical and mental limitations. 20 C.F.R. § 404.1545. The ALJ must consider the limiting effects of the claimant's impairments, even those that are nonsevere, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545. The relative weight to be given to the evidence, however, is within the ALJ's discretion. *See Chambliss v. Massanari*, 269 F.3d 520, 523 n.1 (5th Cir. 2001) (citing *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988)).

found that "[b]ased on the credible testimony of the vocational expert that is consistent with the DOT, and in comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform as a post office clerk as actually and generally performed." *Id.*

Moving on to step five, the ALJ concluded that Taylor has not been under a disability, as defined in the Social Security Act, from April 30, 2020, through the date of the decision, March 10, 2023. *Id.* at 28.

Taylor now appeals from the ALJ's determination that she is not disabled.

IV.     ANALYSIS

A.      Issues Presented

Taylor presents one issue: Whether the ALJ properly considered the physical demands of Taylor's job as a postal clerk, which included custodial and maintenance work, and thus whether the ALJ's determination is supported by substantial evidence.

B.      Discussion

Taylor contends the ALJ's determination is not supported by substantial evidence. Dkt. 18 at 3. She worked as custodian at the Lincoln, Texas post office before becoming postmaster. T 45. She argues that the ALJ erred by separating the custodian and postal clerk portions of her job at the Lincoln Post Office, complaining specifically that the ALJ found that her past relevant work included the job of postal clerk only. Dkt. 18 at 5.

Remand for lack of substantial evidence is appropriate where a spare articulation of the supportability and consistency factors makes it impossible for the court to determine whether the ALJ's finding is supported by substantial evidence or is unable to reconcile conflicting findings. *See Reese v. Saul*, No. 4:19-CV-2787, 2020 U.S. Dist. LEXIS 217576, at *7 (S.D. Tex. Nov. 3, 2020) (vacating decision for lack of substantial evidence where ALJ did not explain discrepancy

between the claimant's need of a cane to ambulate and the ability to walk or stand for two hours, as the "Court cannot speculate as to how these findings should be reconciled"); *Harmon v. U.S. Comm'r*, No. 6:14-cv-02660, 2015 U.S. Dist. LEXIS 168580, at *7 (W.D. La. Nov. 17, 2015) (concluding reversal and remand was required where ALJ failed to explain basis of decision, making it impossible for the court to determine whether the ALJ provided the correct legal standard or whether the finding was supported by substantial evidence).

When the ALJ proceeds past step two and commits error, "remand is warranted only if the ALJ's error was harmful." *Miller v. Kijakazi*, No. 22-60541, 2023 U.S. App. LEXIS 1118, at *3 (5th Cir. Jan. 18, 2023) (citing *Shineski v. Sanders*, 556 U.S. 396, 407–08 (2009)). The Fifth Circuit recently specified that, to show prejudice from an ALJ's failure to comply with 20 C.F.R. § 404.1520c articulation requirements, the plaintiff must "show that if the ALJ had given further explanation [of the medical opinions at issue], then she would have adopted them." *Miller*, 2023 U.S. App. LEXIS 1118, at *4. Otherwise, the plaintiff would "essentially [be] asking [the court] to reweigh the evidence to show that she was prejudiced by the ALJ's failure to explain, which [the court] cannot do." *Id.* (citing *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018)). Thus, *Miller* is a specific application of the broader principle that harmless error "exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021).

Taylor was 56 years old as of April 30, 2020, her alleged onset date. T 25. She has a ninth-grade education, *id.*, and, according to the VE, has no transferrable skills. *Id.* at 60. Therefore, Taylor is disabled pursuant to Grid Rule 202.02 found in 20 C.F.R. Pt. 404, Subpt. P, App. 2 if she cannot perform the past relevant work the ALJ says she can do—post office clerk, DOT no. 243.367-014. *Id.* at 27–28; *see id.* at 45–46.

7

Taylor argues that her work as a post office clerk was performed in conjunction with her work as a custodian for the Lincoln, Texas post office. Dkt. 18 at 4. In her disability report, she wrote that she worked 2 hours per day, 5 days a week as a maintenance worker for the Lincoln post office until April 2020, her alleged onset date. *Id.* at 268–69. Taylor's work history report shows she worked 4 hours per day as a post office clerk and 2 hours per day as a custodian. *Id.* at 313. As a postal clerk for the Lincoln post office, she distributed mail, received packages, and did reports. *Id.* at 313. As a custodian at the Lincoln post office, she cleaned the post office, vacuumed, mopped, cleaned windows, dusted, and scrubbed bathrooms. *Id.* at 313. Her work history report states that she worked as a clerk/maintenance at the Lincoln post office, and in her description of job title, she wrote that she lifted and carried garbage, chairs, ladders, brooms, mops, and cleaning supplies. *Id.* at 306, 313.

At the hearing, the ALJ asked Taylor what work she was doing for the post office in calendar years 2015 and 2016, the years the ALJ identified earnings at or above substantial gainful activity. *Id.* at 27–28, 44–45. Taylor responded, "I started doing that [custodial work] at the end of 2013, 2014 and I believe I quit in 2020." *Id.* at 45.

Taylor argues that the "ALJ erred in applying the law by separating the custodian and postal clerk portions of her job at Lincoln Post Office and finding that her past relevant work included the job of post office clerk [only]." Dkt. 18 at 5. Taylor maintains that hers was a composite job. *See id.*

Taylor argues that her job should have been classified as a "composite job," a job with "significant elements of two or more occupations," such as that of a cook/cashier, with no counterpart in the DOT. *See Armstrong v. Sullivan*, 814 F. Supp. 1364, 1372 (W.D. Tex. 1993)

(citing SSR 82–61);[4] *Benjamin v. Comm'r*, No. 4:22-CV-00083-ALM-CAN, 2023 WL 1093886, *7 (E.D. Tex. Jan. 10, 2023) (citing *Smith v. Commr*, 743 F. App'x 951, 954 (11th Cir. 2018) (quoting SSR 82-61 at *2)). "If a claimant's past relevant work is a composite job, then the ALJ must consider each job within the composite job and find that the claimant is able to meet the demands of each position." *Martinez v. Berryhill*, No. SA-17-CV-27-ESC, 2017 WL 8180457, at *7 (W.D. Tex. Nov. 14, 2017) (quoting *Henson v. Colvin*, No. 12–3053, 2014 WL 1154275, at *4 (E.D. La. Mar. 14, 2014) ("An ALJ 'may not deem a claimant capable of performing past relevant work by diving the demand[s] of a composite job into separate jobs and finding him capable of performing the less demanding of the two jobs.'")). "Past relevant work may qualify as a composite job 'if it takes multiple DOT occupations to locate the main duties of the [past relevant work] as described by the claimant.'" *Smith*, 743 F. App'x at 954 (citing Program Operation as Manual System ("POMS") DI 25005.020).

Taylor contends her "work as a custodian (2 hours/day) and postal clerk (4 hours/day) . . . certainly requires multiple DOT occupations to locate the main duties of the past relevant work." Dkt. 18 at 5. She notes, "the duties of the postal clerk as described in DOT no. 243.367-014, 1991 WL 672266, which include selling postage stamps, postal cards, and stamped envelopes, weighing parcels, and recording daily transactions, say nothing about vacuuming, mopping, cleaning windows, dusting, and scrubbing bathrooms, all of which [she] performed for 2 hours daily, 5 days a week." *Id.*

The Commissioner counters that "the ALJ properly addressed the nature of [Taylor's] past relevant work as a post office clerk when she obtained expert testimony on how this job is performed, and whether a person with [Taylor's] vocational background and residual functional

---

[4] "[C]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the [Dictionary of Occupational Titles]." Social Security Ruling (SSR) 82-61, 1982 WL 31387 at *2.

9

capacity could perform such a job." Dkt. 20 at 5. The Commissioner notes "an ALJ may find a claimant not disabled at step four if "the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it," or "as ordinarily required by employers throughout the national economy." *Id.* (quoting SSR 82-61,1982 WL 31387 at *1–2).

Taylor also contends that "because the ALJ specifically instructed the VE not to *consider* the custodian position as part of her past relevant work, we simply do not know what the exertional, postural, and other physical requirements of the custodial position are." Dkt. 18 at 5 (internal citation omitted) (emphasis added). The Commissioner disagrees with this characterization, submitting that the ALJ stated she did not need the vocational expert to *classify* the custodial work. The Commissioner is correct, the ALJ told the VE she did not need the custodial work "classified." T 45–46.

Ultimately, the Commissioner disagrees that the ALJ did not consider the physical demands of Taylor's custodial role and submits that "[t]he record contains [Taylor's] written descriptions of the work that she has performed, including the custodial tasks that she performed as a postal clerk, and the ALJ said that she reviewed [Taylor's] work history report and earnings records." Dkt. 20 at 5–6. The Commissioner also contends that "when the ALJ posed her hypothetical questions to the [VE], the ALJ did not instruct the vocational expert to disregard the custodial work." *Id.* at 6. "Instead, the ALJ merely asked the vocational expert whether a person of [Taylor's] age, education, work experience, and residual functional capacity could perform the past relevant work that the [VE] had identified for Taylor." *Id.* Thus, the Commissioner's position is that "because the [VE] was familiar with [Taylor's] work history and heard [Taylor's] testimony, [the VE] knew that [Taylor] had performed some custodial tasks when she worked for the postal service." *Id.*

The record demonstrates that Taylor worked for the U.S. Postal Service from the end of 2013 to 2020. T 44–45. Taylor described her work as encompassing two distinct roles: custodial, cleaning postal facilities, and postmaster. *Id.* at 45. Her role as postmaster, which began in 2015, was performed in combination with her custodial duties—four hours as postmaster and two hours custodial and maintenance. *Id.*

She described her custodial work as requiring her to walk, stand, sit, climb, stoop, kneel, crouch, crawl, reach, as well as handle big and small objects. *Id.* at 313. She cleaned various post offices, *id.* at 46 ("I only had so many hours here and so many hours there because I did different Post Offices"), vacuuming, mopping, dusting, scrubbing bathrooms, and cleaning windows. *Id.* at 313. She moved garbage, chairs, ladders, and cleaning supplies. *Id.* Taylor testified that in her postmaster capacity, she worked the counter, selling money orders, sorted the mail and packages, and ran the office. *Id.* at 45.

At the hearing, the VE classified Taylor's past relevant work as DOT 243.367-014,[5] which is the DOT code for a post office clerk, which is semiskilled work at the light physical demand level. *Id.* at 59. The ALJ stated she did not need the VE to classify the custodial work. *Id.* at 45.

The important question here is whether the ALJ and the VE mischaracterized Taylor's past work by ignoring the custodial duties listed by Taylor in her description of her past work and described at the hearing as actually performed.

---

[5] Performs any combination of following tasks in post office: Sells postage stamps, postal cards, and stamped envelopes. Issues money orders. Registers and insures mail and computes mailing costs of letters and parcels. Places mail into pigeonholes of mail rack, or into bags, according to state, address, name of person, organization, or other scheme. Examines mail for correct postage and cancels mail, using rubber stamp or canceling machine. Weighs parcels and letters on scale and computes mailing cost based on weight and destination. Records daily transactions. Receives complaints concerning mail delivery, mail theft, and lost mail, completes and routes appropriate forms for investigation. Answers questions pertaining to mail regulations or procedures. Posts circulars on bulletin board for public information; distributes public announcements; and assists public in complying with other federal agency requirements, such as registration of aliens. *See* Dictionary of Occupational Titles, available at https://www.dol.gov/agencies/oalj/PUBLIC/DOT/REFERENCES/DOT02B (last visited June 25, 2024).

Taylor argues that her job should have been classified as a "composite job," a job with "significant elements of two or more occupations," such as that of a cook/cashier, and therefore with no counterpart in the DOT. *See Armstrong v. Sullivan*, 814 F. Supp. 1364, 1372 (W.D. Tex. 1993) (citing SSR 82-61, 1982 SSR LEXIS 31). If a claimant's past relevant work is a composite job, then the ALJ must consider each job within the composite job and find that the claimant is able to meet the demands of each position. *Henson v. Colvin*, No. 12-3053, 2014 U.S. Dist. LEXIS 33494, 2014 WL 1154275, at *4 (E.D. La. Mar. 14, 2014) ("An ALJ 'may not deem a claimant capable of performing past relevant work by dividing the demand[s] of a composite job into separate jobs and finding him capable of performing the less demanding of the two jobs.'"); *Martinez v. Berryhill*, No. SA-17-CV-00027-ESC, 2017 U.S. Dist. LEXIS 223834, at *22 (W.D. Tex. 2017).

In *Armstrong*, upon which Taylor and many district courts rely, the court found that the ALJ had erred by separating the plaintiff's composite job of cook and cashier and finding that she could perform the less demanding job of a cashier. 814 F.Supp. at 1372. In reaching this conclusion, *Armstrong* cited *Valencia v. Heckler*, 751 F.2d 1082, 1086–87 (9th Cir. 1985), for the proposition that "[g]enerally, an ALJ may not find a claimant capable of performing his or her past relevant job, if the claimant is not capable of performing *all* the duties of that job." *Id.* (emphasis in original). It quoted the *Valencia* court's proposition that "[classifying] an applicant's 'past relevant work' according to the least demanding function of the claimant's past occupations is contrary to the letter and spirit of the Social Security Act." *Id.*

The holding in *Valencia* that a claimant must be capable of performing all the duties of his past relevant job to be found capable of performing that job is contrary to Fifth Circuit law. In *Leggett*, the Fifth Circuit held that a claimant's inability to perform certain requirements of his past job does not mean that she is unable to perform "past relevant work" as that phrase is defined

12

in the regulations.[6] *Leggett*, 67 F.3d at 564. It found that although the claimant in that case, who could perform in a sedentary environment, could no longer carry out the specific duties of a convenience store cashier, he could perform the duties of a cashier as generally found in the national economy because those positions ranged from medium work to sedentary. *Id.* at 565. The claimant was therefore capable of being a cashier and was just limited in the type of cashier positions he could take. *Id.* at 564 n. 11. It held that a claimant need not be able to perform all the requirements of her past job to be able to perform her past relevant work as it is generally performed in the national economy. *See id.* at 564–65.

Nevertheless, an ALJ must analyze a plaintiff's past work in a composite job "as actually performed" instead of "as generally performed in the national economy." *Gunter v. Comm'r of SSA*, No. 4:21-CV-783-BJ, 2022 U.S. Dist. LEXIS 142226, at *12 (N.D. Tex. 2022) (quoting *Deborah T. v. Saul*, No. 4:18-CV-00765-O-BP, 2019 U.S. Dist. LEXIS 164469, 2019 WL 5025951 (N.D. Tex. Sept. 6, 2019) (finding the ALJ committed legal error at step four because he properly analyzed plaintiff's composite job past previous work as "generally performed")); POMS DI 25005.020(B), 2011 WL 453471 (requiring ALJs not to evaluate composite jobs as "generally performed in the economy").

Here the VE did not testify that Taylor's position should be classified as a composite job, nor did Taylor challenge the VE's characterization of her work on cross examination at the hearing. *See Holland v. Colvin*, No. 3:14-cv-2694-K-BH, 2015 U.S. Dist. LEXIS 122659, at *13 n.4 (N.D. Tex. Aug. 31, 2015). It is a plaintiff's burden to establish that she is unable to perform her past relevant work at step four, and "[t]o the extent Plaintiff disagreed with the VE's characterization of her prior work, she was obligated to press the issue on cross-examination." *Id.* (citing *Villa*, 895

---

[6] "Past relevant work" is defined in the regulations as the actual demands of past work or "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy." SSR 82-61, 1982 SSR LEXIS 31, at *4, 1982 WL 31387, at *2; *Jones v. Bowen*, 829 F.2d 524, 527 n. 2 (5th Cir. 1987).

13

F.2d at 1023; *Bryant v. Astrue*, No. CIV.A. 09-1499, 2010 U.S. Dist. LEXIS 91970, at *5 (W.D. La. July 30, 2010), report and recommendation adopted, No. CIV.A. 09-1499, 2010 U.S. Dist. LEXIS 91966 (W.D. La. Sept. 3, 2010)).

Significantly, the ALJ instructed the VE not to opine on Taylor's custodial work,[7] which solely comprised Taylor's work for the U.S. Postal Service from 2013 until sometime in late 2015 or early 2016 and comprised a third of Taylor's work hours from late 2015 or early 2016 to 2020. T 45–46. The ALJ's decision does not mention Taylor's custodial work, but states "claimant worked as a post office clerk from 2013 to 2018." *Id.* at 27–28. Thus, the ALJ's decision misstates Taylor's work for the years 2013 until she began working as a postal clerk sometime near the end of 2015 or early 2016; and it mischaracterizes the nature of her work in the years she worked a third of her hours performing custodial and maintenance duties.

In *Audler v. Astrue*, the Fifth Circuit recognized that the ALJ is required to discuss the evidence and explain the basis for his findings at each unfavorable step of the sequential evaluation process. 501 F.3d 446, 448 (5th Cir. 2007) (citing 42 U.S.C. § 405(b)(1)). The ALJ did not meet that requirement here as she did not discuss Taylor's custodial and maintenance work. But an ALJ's failure to adequately explain his determination at a particular step in the sequential evaluation process does not require remand unless it affects the claimant's "substantial rights." *Id.* A claimant's substantial rights are affected when, absent a creditable explanation from the ALJ, the evidence and testimony otherwise compels a finding favorable to the claimant at the affected step in the sequential evaluation process. *See id.* at 449.

The ALJ's conclusory step four determination presents the rare confluence of circumstances that requires reversal stemming from the omission of any discussion of the

---

[7] Thus, this case is dissimilar from those in which an attorney opted not to cross-examine a VE regarding the VE's classification. *See Barratt v. Astrue*, No. 07-51067, 2008 U.S. App. LEXIS 12186, at *6 (5th Cir. 2008) (unpublished).

14

composite job issue. *Henry v. Colvin*, No. 14-1660, 2015 U.S. Dist. LEXIS 82141, at *12 (W.D. La. 2015) (collecting cases). Indeed, if Taylor's past work for the U.S. Postal Service was a composite job that included duties as a custodian and maintenance worker, and that work work would have been at an exertional level incompatible with her RFC, a step four finding in Taylor's favor necessarily would result.

### C. Conclusion

It is wholly unclear from the ALJ's decision what impact, if any, Taylor's custodial and maintenance work had on the ALJ's determination. If the work Taylor performed during one-third of the hours she worked for the U.S. Postal Service was sufficient to classify her position as a composite job, then the ALJ would have been required to determine whether Taylor is able to perform her job for the U.S. Postal Service as *actually performed*, not as generally performed. Furthermore, the ALJ's RFC stated Taylor "could never climb ladders," T 25, but there was evidence that utilizing ladders was part of Taylor's as-performed job duties.

Lastly, "[t]o the extent [Taylor] disagreed with the VE's characterization of her prior work, she was obligated to press the issue on cross-examination," *Holland*, 2015 U.S. Dist. LEXIS 122659, at *13 n.4. But there was no need for Taylor to have pressed the issue because the VE did not classify Taylor's custodial work at the ALJ's instruction. T 45–46.

The court cannot discern from the ALJ's decision whether the law was properly applied or whether the ALJ's determination was supported by substantial evidence.

### V. Order

It is the court's duty to determine whether the Commissioner's decision is supported by substantial evidence and was reached through proper legal standards. *See Copeland*, 771 F.3d at 923. Based on the foregoing analysis, the Commissioner's decision is **REVERSED and**

**REMANDED** pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings to consider Taylor's composite job arguments.

SIGNED June 27, 2024.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE